**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| In re: | Chapter 11 |
| PROSPECT MEDICAL HOLDINGS, INC., *et al.*[1] | Case No.  25-80002 (SGJ) |
| Debtors. | (Jointly Administered) |

**GLOBAL NOTES AND STATEMENT OF LIMITATIONS,
METHODOLOGY, AND DISCLAIMERS REGARDING THE DEBTORS' SCHEDULES
OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

On January 11, 2025 (the "Petition Date"), Prospect Medical Holdings, Inc. and its affiliated debtors in the above-captioned chapter 11 cases (each a "Debtor" and, collectively, the "Debtors") commenced voluntary cases (the "Chapter 11 Cases") under chapter 11 of title 11, United States Code, §§ 101 *et seq.* (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Texas (the "Court").

The Schedules of Assets and Liabilities (the "Schedules") and Statements of Financial Affairs (the "Statements") were prepared pursuant to section 521 of the Bankruptcy Code and Rule 1007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by management of the Debtors with unaudited information available as of the Petition Date.

These *Global Notes and Statement of Limitations, Methodology, and Disclaimers Regarding the Debtors' Schedules and Statements of Financial Affairs* (the "Global Notes") are incorporated by reference in, and comprise an integral part of, each Debtor's respective Schedules and Statements, and should be referred to and considered in connection with any review of the Schedules and Statements.

In preparing the Schedules and Statements, the Debtors relied on financial data derived from their books and records that was available at the time of such preparation. The Debtors have historically prepared consolidated monthly financial statements and have not historically prepared stand-alone monthly financial statements. Unlike the consolidated financial statements, the Schedules and Statements generally reflect the assets and liabilities of each Debtor on a nonconsolidated basis. Accordingly, the amounts listed in the Schedules and Statements will likely differ, at times materially, from the consolidated financial reports prepared historically by the Debtors. The Debtors, and their agents, attorneys, and advisors do not guarantee or warrant the accuracy or completeness of the data that is provided herein, and shall not be liable for any loss or

---

[1]   A complete list of each of the Debtors in these chapter 11 cases may be obtained on the website of the Debtors' claims and noticing agent at https://omniagentsolutions.com/Prospect.  The Debtors' mailing address is 3824 Hughes Ave., Culver City, CA 90232.

injury arising out of or caused in whole or in part by the acts, errors, or omissions, whether negligent or otherwise, in procuring, compiling, collecting, interpreting, reporting, communicating, or delivering the information contained herein.  While reasonable efforts have been made to provide accurate and complete information herein, inadvertent errors or omissions may exist.  The Debtors reserve their rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.  For the avoidance of doubt, the Debtors and their agents, attorneys, and advisors expressly do not undertake any obligation to update, modify, revise, or re-categorize the information provided herein, or to notify any third party should the information be updated, modified, revised, or re-categorized, except as required by applicable law.  In no event shall the Debtors, or their agents, attorneys, and advisors, be liable to any third party for any direct, indirect, incidental, consequential, or special damages (including, but not limited to, damages arising from the disallowance of a potential claim against the Debtors or damages to business reputation, lost business, or lost profits), whether foreseeable or not and however caused, even if the Debtors or their agents, attorneys, or advisors are advised of the possibility of such damages.

Given, among other things, the uncertainty surrounding the valuation and nature of certain assets and liabilities, to the extent that a Debtor shows more assets than liabilities, this is not an admission that such Debtor was solvent on the Petition Date or at any time prior to the Petition Date.  Likewise, to the extent that a Debtor shows more liabilities than assets, it is not an admission that such Debtor was insolvent on the Petition Date or any time prior to the Petition Date.

Paul Rundell has signed each set of the Schedules and Statements.  Mr. Rundell serves as the Chief Restructuring Officer ("CRO") of the Debtors, and he is an authorized signatory for each of the Debtors in these Chapter 11 Cases.  In reviewing and signing the Schedules and Statements, Mr. Rundell has necessarily relied upon the efforts, statements, advice, and representations of the Debtors and their advisors.  Mr. Rundell has not (and could not have) personally verified the accuracy of each such statement and representation, including statements and representations concerning amounts owed to creditors, classification of such amounts, and creditor addresses.

### Global Notes and Overview of Methodology

1.    **Description of the Cases**.  Commencing on January 11, 2025 (the "Petition Date"), each of the Debtors filed with this Court voluntary cases under chapter 11 of title 11 of the Bankruptcy Code.  The Debtors are authorized to continue to operate their business and manage their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy code. On January 29, 2025, the United States Trustee for the Northern District of Texas (the "U.S. Trustee") appointed an official committee of unsecured creditors [Docket No. 295] (the "Committee").  On January 30, 2025, the U.S. Trustee appointed a patient care ombudsman [Docket No. 325].  No trustee or examiner has been appointed in these Chapter 11 Cases.

The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession, pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  The Chapter 11 Cases have been consolidated for procedural purposes only and are being jointly administered under case number 25-80002 (SGJ).

2.    **Reservations and Limitations.**  Reasonable efforts have been made to prepare and file complete and accurate Schedules and Statements; however, as noted above, inadvertent errors

or omissions may exist.  The Debtors reserve all rights to amend and supplement the Schedules and Statements as may be necessary or appropriate.  Nothing contained in the Schedules and Statements or these Global Notes constitutes a waiver of any of the Debtors' rights or an admission of any kind with respect to these Chapter 11 Cases, including, but not limited to, any rights or claims of the Debtors against any third party or issues involving substantive consolidation, equitable subordination, or defenses or causes of action arising under the provisions of chapter 5 of the Bankruptcy Code or any other relevant applicable bankruptcy or non-bankruptcy laws to recover assets or avoid transfers.  Any specific reservation of rights contained elsewhere in the Global Notes does not limit in any respect the general reservation of rights contained in this paragraph.

(a)   **No Admission.**  Nothing contained in the Schedules and Statements is intended or should be construed as an admission or stipulation of the validity of any claim against the Debtors, any assertion made therein or herein, or a waiver of the Debtors' rights to dispute any claim or assert any cause of action or defense against any party.

(b)   **Recharacterization.**  Notwithstanding that the Debtors have made reasonable efforts to correctly characterize, classify, categorize, or designate certain claims, assets, executory contracts, unexpired leases, and other items reported in the Schedules and Statements, the Debtors nonetheless may have improperly characterized, classified, categorized, or designated certain items.  The Debtors reserve all rights to recharacterize, reclassify, recategorize, or redesignate items reported in the Schedules and Statements at a later time as is necessary and appropriate, including, without limitation, whether contracts or leases listed herein were deemed executory or unexpired as of the Petition Date and remain executory and unexpired post-petition.  Disclosure of information in one or more Schedules, Statements, or one or more exhibits or attachments thereto, even if incorrectly placed, shall be deemed to be disclosed in the correct Schedules, Statements, exhibits, or attachments.

(c)   **Classifications.**  Listing (i) a claim on Schedule D as "secured," (ii) a claim on Schedule E/F as "priority" or "unsecured," or (iii) a contract on Schedule G as "executory" or "unexpired" does not constitute an admission by the Debtors of the legal rights of the claimant or contract counterparty, or a waiver of the Debtors' rights to recharacterize or reclassify such claim or contract or to setoff such claim.

(d)   **Claims Description.**  Any failure to designate a claim on the Debtors' Schedules and Statements as "disputed," "contingent," or "unliquidated" does not constitute an admission by the Debtors that such amount is not "disputed," "contingent," or "unliquidated."  Each Debtor reserves all rights to dispute, or assert offsets or defenses to, any claim reflected on its respective Schedules and Statements or described in these Global Notes on any grounds, including, without limitation, liability, or classification, or to otherwise subsequently designate such claims as "disputed," "contingent," or "unliquidated" or object to the extent, validity, enforceability, or priority of any claim.  Moreover, listing a claim does not constitute an admission of liability by the Debtors against which the claim is listed

or by any of the Debtors.  The Debtors reserve all rights to amend their Schedules and Statements and Global Notes as necessary and appropriate, including, but not limited to, with respect to claim description and designation.

(e)  **Estimates and Assumptions.**  The preparation of the Schedules and Statements required the Debtors to make reasonable estimates and assumptions with respect to the reported amounts of assets and liabilities, the amount of contingent assets and contingent liabilities on the Schedules and Statements, and the reported amounts of revenues and expenses during the applicable reporting periods.  Actual results could differ from such estimates.

(f)  **Causes of Action.**  Despite reasonable efforts, the Debtors may not have identified all current and potential causes of action the Debtors may have against third parties in their respective Schedules and Statements, including, without limitation, avoidance actions arising under chapter 5 of the Bankruptcy Code and actions under other relevant bankruptcy and non-bankruptcy laws to recover assets.  The Debtors reserve all rights with respect to any causes of action, and nothing in these Global Notes or the Schedules and Statements should be construed as a waiver of any such causes of action.

(g)  **Intellectual Property Rights.**  Exclusion of certain intellectual property from the Schedules and Statements should not be construed as an admission that such intellectual property rights have been abandoned, have been terminated or otherwise expired by their terms, or have been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  Conversely, inclusion of certain intellectual property rights in the Schedules and Statements should not be construed as an admission that such intellectual property rights have not been abandoned, have not been terminated or otherwise expired by their terms, or have not been assigned or otherwise transferred pursuant to a sale, acquisition, or other transaction.  The Debtors have made every effort to attribute intellectual property to the rightful Debtor owner, however, in some instances intellectual property owned by one Debtor may, in fact be owned by another.  Accordingly, the Debtors reserve all of their rights with respect to the legal status of any and all such intellectual property rights.

(h)  **Executory Contracts and Unexpired Leases.**  Although the Debtors made diligent efforts to identify contracts and unexpired leases as executory within the scope of section 365 of the Bankruptcy Code and to attribute an executory contract to its rightful Debtors, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses.  Accordingly, the Debtors reserve all of their rights with respect to the inclusion or exclusion of executory contracts and unexpired leases, as well as the named parties to any and all executory contracts and unexpired leases, including the right to amend Schedule G at any time during the pendency of these Chapter 11 Cases.

(i)  **Insiders.**  In the circumstance where the Schedules and Statements require information regarding "insiders," the Debtors have included information with

4

respect to certain individuals who served as officers and directors, as the case may be, during the relevant time periods.  Such individuals may no longer serve in such capacities.  As to each Debtor, an individual or entity is designated as an "insider" for the purposes of the Schedules and Statements if such individual or entity, based on the totality of the circumstances, may have a controlling interest in, or may exercise sufficient authority over, the Debtor so as to direct corporate policy and the disposition of corporate assets.

The listing or omission of a party as an insider for purposes of the Schedules and Statements is not intended to be, nor should it be, construed as an admission of any fact, right, claim, or defense and all such rights, claims, and defenses are hereby expressly reserved.  Information regarding the individuals listed as insiders in the Schedules and Statements has been included for informational purposes only and such information may not be used for: (i) the purposes of determining (A) control of the Debtors; (B) the extent to which any individual exercised management responsibilities or functions; (C) corporate decision-making authority over the Debtors; or (D) whether such individual could successfully argue that he or she is not an insider under applicable law, including the Bankruptcy Code and federal securities laws, or with respect to any theories of liability or (ii) any other purpose.

(j)     **Umbrella or Master Agreements.**   Contracts listed in the Schedules and Statements may be umbrella or master agreements that cover relationships with some or all of the Debtors.  Where relevant, such agreements may have been listed in the Schedules and Statements of only the Debtor(s) that signed the original umbrella or master agreement.  Other Debtors, however, may be liable together with such Debtor(s) on account of such agreements.  The Debtors reserve all rights to amend the Schedules and Statements to reflect changes regarding the liability of the Debtors with respect to such agreements, if appropriate.  Additionally, by listing an umbrella or master agreement in these Schedules and Statements, the Debtors make no representation as to the severability of such agreements and their related contracts and leases, including any subleases, and the Debtors reserve any and all rights with respect to any arguments or claims it may have in regard to the severability of such agreements.

(k)     **Court Orders.**  Pursuant to certain orders of the Bankruptcy Court entered in these chapter 11 cases (the "First Day Orders"), the Debtors were authorized (but not directed) to pay, among other things, certain prepetition claims of employees, potential lien holders, certain vendors and taxing authorities.  Accordingly, these liabilities may have been or may be satisfied in accordance with such First Day Orders and therefore, generally are not listed in the Schedules and Statements. Regardless of whether such claims are listed in the Schedules and Statements, to the extent such claims are paid pursuant to any order of the Bankruptcy Court (including the First Day Orders), the Debtors reserve all rights to amend, supplement, or otherwise modify the Schedules and Statements as is necessary or appropriate.

5

(l) **Other Paid Claims.** To the extent the Debtors have reached any postpetition settlement with a vendor or other creditor, the terms of such settlement will prevail, supersede amounts listed in the Schedules and Statements, and shall be enforceable by all parties, subject to Bankruptcy Court approval. To the extent the Debtors pay any of the claims listed in the Schedules and Statements pursuant to any orders entered by the Bankruptcy Court, the Debtors reserve all rights to amend and supplement the Schedules and Statements and take other action, such as filing claims objections, as is necessary and appropriate to avoid overpayment or duplicate payment for such liabilities.

(m) **Professional Corporations**. In the ordinary course of their business, the Debtors record on their books certain bank accounts and liabilities associated with non-debtor professional corporations, which the Debtors provide certain managed services to. The Debtors have attempted to exclude assets that do not belong to the Debtors and liabilities for which the Debtors are not actually liable from the Schedules and Statements. To the extent that something was inadvertently missed, the Debtors reserve their rights to amend the Schedules as deemed necessary.

3. **Description of Cases and "As Of" Information Date.** Beginning on January 11, 2025, or the "Petition Date," each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code in the Court. The Debtors continue to operate their business. The information provided herein, except as otherwise noted, is reported as of the Petition Date of each respective Debtor, as appropriate.

4. **Confidential or Sensitive Information**. There may be instances in which certain information in the Schedules and Statements has been intentionally redacted due to, among other things, concerns for the privacy of an individual or concerns about the confidential or commercially sensitive nature of certain information. Any alterations or redactions in the Schedules and Statements are limited only to what the Debtors believe is necessary to protect the Debtors or the applicable third-party, and the Debtors have provided interested parties with sufficient information to discern the nature of the listing. As set forth in the *Debtors' Emergency Motion for Entry of an Order (I) Authorizing The Debtors To File (A) a Consolidated Creditor Matrix and (B) a Consolidated List of the 30 Largest Unsecured Creditors; (II) Authorizing (A) the Debtors to Redact Certain Personally Identifiable Information, and (B) the Implementation of Procedures to Protect Confidential Patient Information; (III) Establishing a Complex Service List; (IV) Approving Form and Manner of Notice of Commencement; and (V) Granting Related Relief* [Docket No. 3] (the "Creditor Matrix Motion"), the Debtors may redact personally identifiable information such as names and addresses of current and former employees, contract workers, vendors, suppliers, equity holders and other individuals.

5. **Methodology.**

(a) **Basis of Presentation.** The Schedules and Statements do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles in the United States ("GAAP") nor are they intended to be fully reconciled to the financial statements of each Debtor. The Schedules and

Statements contain unaudited information that is subject to further review and potential adjustment. The Schedules and Statements reflect the Debtors' reasonable efforts to report the assets and liabilities of each Debtor on an unconsolidated basis.

(b) **Duplication.** Certain of the Debtors' assets, liabilities, and prepetition payments may properly be disclosed in multiple parts of the Statements and Schedules. To the extent these disclosures would be duplicative, the Debtors have endeavored to only list such assets, liabilities, and prepetition payments once.

(c) **Net Book Value.** In certain instances, current market valuations for individual items of property and other assets are neither maintained by, nor readily available to the Debtors. Accordingly, unless otherwise indicated, the Debtors' Schedules and Statements reflect net book values as of December 31, 2024. Market values may vary, in some instances, materially, from net book values. The Debtors believe that it would be an inefficient use of estate assets for the Debtors to obtain the current market values of their property. Accordingly, the Debtors have indicated in the Schedules and Statements that the market values of certain assets and liabilities are undetermined. Also, assets that have been fully depreciated or that were expensed for accounting purposes either do not appear in these Schedules and Statements, or are listed with a zero-dollar value, as such assets have no net book value. The omission of an asset from the Schedules and Statements does not constitute a representation regarding the ownership of such asset, and any such omission does not constitute a waiver of any rights of the Debtors with respect to such asset.

(d) **Contingent Claim.** A claim that is dependent on the realization of some uncertain future event is a "contingent" claim.

(e) **Undetermined Amounts.** The description of an amount as "unknown," "TBD," or "undetermined" is not intended to reflect upon the materiality of such amount.

(f) **Unliquidated Amounts.** Amounts that could not be fairly quantified by the Debtors are scheduled as "unliquidated."

(g) **Disputed Claim.** A claim with respect to which the applicable Debtor and the claimant disagree as to whether the amount owed, whether any amount is owed, the priority of the claim, or otherwise is "disputed."

(h) **Totals.** All totals that are included in the Schedules and Statements represent totals of all known amounts. To the extent there are unknown or undetermined amounts, the actual total may be different from the listed total.

(i) **Paid Claims.** The Bankruptcy Court has authorized (but not directed) the Debtors to pay, in their discretion, certain outstanding Claims on a postpetition basis. Pursuant to such orders, certain prepetition liabilities that the Debtors have paid postpetition or those which the Debtors plan to pay via this authorization may not be listed in the Schedules and Statements.

(j)    **Liens.**  The inventories, property, and equipment listed in the Schedules and Statements are presented without consideration of any liens.

(k)    **Currency.**  Unless otherwise indicated, all amounts are reflected in U.S. dollars.

(l)    **Liabilities.**  The Debtors have sought to allocate liabilities between the prepetition and postpetition periods based on the information and research conducted in connection with the preparation of the Schedules and Statements. As additional information becomes available and further research is conducted, the allocation of liabilities between the prepetition and postpetition periods may change. The Debtors reserve the right to amend the Schedules and Statements and these Global Notes as they deem appropriate in this and all other regards.

(m)    **Excluded Assets and Liabilities.**  The Debtors have excluded certain categories of assets and liabilities from the Schedules and Statements, including, but not limited to: certain deferred charges, investments in subsidiaries, reserves recorded only for purposes of complying with the requirements of GAAP; deferred tax assets; deferred tax liabilities; and other intangibles; deferred revenue accounts; and certain accrued liabilities, including salaries and employee benefits. The Debtors have also excluded rejection damage claims of counterparties to executory contracts and unexpired leases that may or may not be rejected, to the extent such damage claims exist. Other immaterial assets and liabilities may also have been excluded.

(n)    **Intercompany Accounts.**  The Debtors maintain intercompany accounts in their books and records that record transfers of cash and other intercompany transactions among Prospect subsidiaries and affiliates. Although efforts have been made to attribute these transactions to the correct legal entity, the Debtors reserve the right to modify or amend their Schedules and Statements to attribute such transactions to a different legal entity, as is necessary or appropriate. For additional information regarding the Debtors' intercompany transactions and related cash management protocols, see *Debtors' Emergency Motion for Entry of An Order (I) Authorizing the Debtors to (A) Continue Their Existing Cash Management System and Maintain Their Existing Bank Accounts, (B) Continue to Perform Intercompany Transactions, and (C) Maintaining Existing Business Forms and Books and Records; and (II) Granting Related Relief* [Docket No. 21].

Receivables and payables among the Debtors in these cases are reported in the Schedules based upon the net intercompany balances. The listing by the Debtors of any account between a Debtor and another Debtor or a non-Debtor affiliate is a statement of what appears in a particular Debtor's books and records is the result of consolidating the Debtors' financial statements and does not reflect any admission or conclusion of the Debtors regarding the allowance, classification, characterization, validity, or priority of such account. The Debtors take no position in these Schedules and Statements as to whether such accounts would be allowed as a claim, an interest, or not allowed at all. The Debtors and all parties-in-interest reserve all rights with respect to such accounts.

8

(o) **Credits and Adjustments.**  The claims of individual creditors for, among other things, goods, products, services, or taxes are listed as the amounts entered on the Debtors' books and records and may either (i) not reflect credits, allowances, or other adjustments due from such creditors to the Debtors or (ii) be net of accrued credits, allowances, or other adjustments that are actually owed by a creditor to the Debtors on a postpetition basis on account of such credits, allowances, or other adjustments earned from prepetition payments and critical vendor payments, if applicable.  The Debtors reserve all of their rights with regard to such credits, allowances, or other adjustments, including, but not limited to, the right to modify the Schedules, assert claims objections and/or setoffs with respect to the same, or apply such allowances in the ordinary course of business on a postpetition basis.

(p) **Setoffs.**  The Debtors may periodically incur setoffs and net payments in the ordinary course of business.  Such setoffs and nettings may occur due to a variety of transactions or disputes.  Although such setoffs and other similar rights may have been accounted for when scheduling certain amounts, these ordinary course setoffs are not independently accounted for, and as such, are or may be excluded from the Debtors' Schedules and Statements.  The Debtors reserve all rights to challenge any setoff and/or recoupment rights that may be asserted.

6. **Global Notes Control.**  These Global Notes pertain to and comprise an integral part of each of the Schedules and Statements and should be referenced in connection with any review thereof.  In the event that the Schedules and Statements conflict with these Global Notes, these Global Notes shall control.

7. **Specific Schedules Disclosures.**

(a) **Schedules Summary**.  Except as otherwise noted, the asset totals represent amounts as of the December 31, 2024 and liability information provided herein represents the Debtors' liabilities as of the Petition Date.

(b) **Schedule A/B, Part 1** – **Bank Accounts**; Amounts reported in schedule AB question 3 reflect actual account balances as of the Petition Date and may differ from general ledger books and record values.

(c) **Schedule A/B, Part 3 – Accounts Receivable;** The accounts receivable is reflected as of December 31, 2024.

(d) **Schedule A/B, Part 4 – Investments; Non-Publicly Traded Stock and Interests in Incorporated and Unincorporated Businesses, including any Interest in an LLC, Partnership, or Joint Venture.**  Prospect Medical Holdings, Inc. ownership interests in subsidiaries have been listed in Schedule A/B, Part 4, as undetermined amounts on account of the fact that the fair market value of such ownership is dependent on numerous variables and factors, and may differ significantly from their net book value.

(e) **Schedule A/B, Part 7 – Office furniture, fixtures, and equipment; and collectibles.**  The Debtors have used book values as of December 31, 2024 for

reporting office furniture and equipment. There have been no valuations on any of such assets. The Debtors reserve all of their rights to re-categorize and/or re-characterize such asset holdings to the extent the Debtors determine that such holdings were improperly listed.

(f)     **Schedule A/B, Part 10 – Intangibles and Intellectual Property.** The value of the Debtors' intangible assets is listed as undetermined. The Debtors are not able to provide a schedule with values specific to its intellectual property (including but not limited to, patents, trademarks, internet domains, and licenses).

The Debtors do not ascribe value to any customer list they may maintain, therefore, no response has been listed in schedule AB question 63.

(g)     **Schedule D – Creditors Who Have Claims Secured by Property.** The Debtors have made reasonable efforts to report all secured claims against the Debtors on Schedule D based on the Debtors' books and records as of the Petition Date. However, the actual value of claims against the Debtors may vary significantly from the represented liabilities. Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any secured creditor's allowed claims or the correct amount of all secured claims. Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules. Parties in interest should consult their own professionals and advisors with respect to pursuing a claim. Although the Debtors and their professionals have generated financial information and data the Debtors believe to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout these Chapter 11 Cases.

Except as specifically stated herein, lessors of real property and equipment, utility companies, and any other parties which may hold security deposits or other security interests, have not been listed on Schedule D. The Debtors have also not listed on Schedule D any parties whose claims may be secured through rights of setoff, deposits, or advance payments.

Although the Debtors may have scheduled claims of various creditors as secured claims, the Debtors reserve all rights to dispute or challenge the secured nature of any creditor's claim or the characterization of the structure of any transaction or any document or instrument (including, without limitation, any intercompany agreement) related to such creditor's claim (except as otherwise agreed to or stated pursuant to a stipulation, agreed order, or general order entered by the Bankruptcy Court that is or becomes final). The Debtors have not included on Schedule D the claims of any parties that may believe their claims are secured through setoff rights or inchoate statutory lien rights.

The descriptions provided on Schedule D are intended only as a summary. Reference to the applicable loan agreements and related documents is necessary for a complete description of the collateral and the nature, extent, and priority of any

10

liens.  Nothing in these Global Notes or in the Schedules and Statements shall be deemed a modification, interpretation, or an acknowledgment of the terms of such agreements or related documents.

(h)      **Schedule E/F – Creditors Who Have Unsecured Claims.**

The Debtors have made reasonable efforts to report all priority and general unsecured claims against the Debtors on Schedule E/F based on the Debtors' books and records as of the Petition Date.  However, the actual value of claims against the Debtors may vary significantly from the represented liabilities.  Certain claims on E/F may have been satisfied post-petition by the Debtors (including employee wages in the ordinary course) or third parties.  Furthermore, accrued interest for some claims may not have been possible to determine.  Parties in interest should not accept that the listed liabilities necessarily reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.  Similarly, parties in interest should not anticipate that recoveries in these cases will reflect the relationship of the aggregate asset values and aggregate liabilities set forth in the Schedules.  Parties in interest should consult their own professionals and advisors with respect to pursuing a claim.  Although the Debtors and their professionals have generated financial information and data the Debtors believe to be reasonable, actual liabilities (and assets) may deviate significantly from the Schedules due to certain events that occur throughout these Chapter 11 Cases.

Within Schedule E/F, certain Debtors carry balances related to loans under the Property Assessed Clean Energy ("PACE") programs.  The Debtors undertook such loans to finance certain improvements/constructions that are qualified under such programs.

The claims listed on Schedule E/F arose or were incurred on various dates.  In certain instances, the date on which a claim arose may be unknown or subject to dispute.  Although reasonable efforts have been made to determine the date upon which claims listed in Schedule E/F were incurred or arose, updating that date for each claim in Schedule E/F would be unduly burdensome and cost-prohibitive and, therefore, the Debtors have not listed a date for each claim listed on Schedule E/F.

In the ordinary course of business, the Debtors generally receive invoices for goods and services after the delivery of such goods or services.  As of the filing of the Schedules and Statements, the Debtors may not have received all invoices for payables, expenses, or liabilities that may have accrued before the Petition Date.  Furthermore, payments to vendors and lienholders made subsequent to the filing of these Schedules will not be reflected in these Schedules.  The Debtors reserve the right, but are not required, to amend Schedules E/F if they receive such invoices and/or make such payments. The claims of individual creditors are generally listed at the amounts recorded on the Debtors' books and records and may not reflect all

credits or allowances due from the creditor. The Debtors reserve all of their rights concerning credits or allowances.

*Part 1 - Creditors with Priority Unsecured Claims.* The Debtors included certain claims owing to various taxing authorities to which the Debtors may be liable. Priority unsecured tax claims are listed as contingent or unliquidated since they may have been paid through first day relief. Moreover, the inclusion of any amounts owed to taxing authorities does not constitute an admission by the Debtors of such liability.

The Debtors reserve the right to assert that any claim listed on Schedule E/F does not constitute a priority claim under the Bankruptcy Code.

*Part 2 - Creditors with Nonpriority Unsecured Claims.* The Debtors have used reasonable efforts to report all general unsecured claims against the Debtors in Schedule E/F, Part 2, based upon the Debtors' books and records as of the Petition Date. The Debtors made a reasonable attempt to set forth their unsecured obligations, although the actual amount of claims against the Debtors may vary from those liabilities represented on Schedule E/F, Part 2. The listed liabilities, which have been listed on a gross accounts payable basis, may not reflect the correct amount of any unsecured creditor's allowed claims or the correct amount of all unsecured claims.

Schedule E/F, Part 2, reflects certain prepetition amounts owing to counterparties to executory contracts and unexpired leases. Such prepetition amounts, however, may be paid in connection with the assumption or assumption and assignment of an executory contract or unexpired lease. Prepetition amounts that may be paid in accordance with court orders, are marked as contingent. In addition, Schedule E/F, Part 2, does not include claims that may arise in connection with the rejection of any executory contracts and unexpired leases, if any, that may be or have been rejected.

Schedule E/F, Part 2, describes a promissory note owed by Debtor Prospect Medical Holdings, Inc. to Medline Industries, LP in the principal amount of approximately $9.7 million. The amounts reflected on Schedule E/F, Part 2 in relation to this note do not include any interest accrued and unpaid as of the Petition Date.

(i) As of the Petition Date, the Debtors estimate they have approximately 1.1 million current and former patients (collectively, the "Patients"). To the best of the Debtors' knowledge and belief, other than refunds, the Debtors' Patients do not hold claims against the Debtors and have not been listed individually in the Schedules. However, to the extent any current or former patient is a known creditor of the Debtors (e.g., medical malpractice claimant, slip and fall claimant, etc.), the Debtors have endeavored to include such parties in the Schedules.

(j)    **Schedule G – Executory Contracts and Unexpired Leases.** The Debtors hereby reserve all rights to dispute the validity, status, or enforceability of any contracts, agreements or leases set forth in Schedule G and to amend or supplement Schedule G as necessary. Additionally, the placing of a contract or lease onto Schedule G shall not be deemed an admission that such contract is an executory contract or unexpired lease, or that it is necessarily a binding, valid, and enforceable contract. Any and all of the Debtors' rights, claims and causes of action with respect to the contracts and agreements listed on Schedule G are hereby reserved and preserved. In addition, the Debtors are continuing their review of all relevant documents and expressly reserve their right to amend all Schedules at a later time as necessary and/or to challenge the classification of any agreement as an executory contract or unexpired lease in any appropriate filing.

The names of employees and consultants and other individuals have been redacted for privacy purposes.

Certain information, such as the contact information or addresses of the counterparty, may not be included where such information could not be obtained using the Debtors' reasonable efforts. Listing a contract or agreement on Schedule G does not constitute an admission that such contract or agreement is an executory contract or unexpired lease or that such contract or agreement was in effect on the Petition Date or is valid or enforceable. Expired contracts and leases may have also been inadvertently included. The Debtors hereby reserve all of their rights to dispute the validity, status, or enforceability of any contracts, agreements, or leases set forth in Schedule G and to amend or supplement such Schedule as necessary.

Certain of the leases and contracts listed on Schedule G may contain renewal options, guarantees of payment, indemnifications, options to purchase, rights of first refusal and other miscellaneous rights. Such rights, powers, duties, and obligations are not set forth separately on Schedule G. In addition, the Debtors may have entered into various other types of agreements in the ordinary course of their business, such as supplemental agreements, letter agreements, employment-related agreements, and confidentiality and non-disclosure agreements, which may not be set forth in Schedule G. The Debtors reserve the right to dispute the effectiveness of any such contract listed on Schedule G or to amend Schedule G at any time to remove any contract.

The Debtors have reserved all rights to dispute or challenge the characterization of any transaction or any document or instrument related to a creditor's claim.

Although the Debtors have made diligent attempts to attribute an executory contract to its rightful Debtor, in certain instances, the Debtors may have inadvertently failed to do so due to the complexity and size of the Debtors' businesses. Accordingly, the Debtors reserve all of its rights with respect to the named parties of any and all executory contracts, including the right to amend Schedule G.

Omission of a contract or agreement from Schedule G does not constitute an admission that such omitted contract or agreement is not an executory contract or unexpired lease. The Debtors' rights under the Bankruptcy Code with respect to any such omitted contract or agreement is not impaired by the omission. Certain Debtors are guarantors and parties to guaranty agreements regarding the Debtors' prepetition credit facility. The guaranty obligations arising under these agreements are reflected on Schedules D and F only.

8. **Specific Statements Disclosures.**

(a) **Statements, Part 1, Question 1 and 2 – Gross Revenue from business.** Revenue amounts listed for current fiscal year are through December 31, 2024.

(b) **Statements, Part 2, Question 4 – Payments and Transfers to Certain Insiders within 1 year before the filing.** The Debtors reported payments to certain non-officer and officer insiders within the year prior to the Petition Date. The Debtors reserve all rights with respect to the determination or status of a person as an "insider" as defined in section 101(13) of the Bankruptcy Code. Certain expense reimbursements reported in Statement 4 relate to credit card spend attributable to Insiders. Identifying such spend requires a manual reconciliation of credit card statements and the Debtors have made best efforts to allocate appropriately. Additionally, in some instances an individual identified as a Debtor insider may also serve or be employed by a non-Debtor affiliate and any payments made by the non-Debtor affiliate are omitted from this disclosure.

Individual payments to Debtor affiliates are not reflected in Statement 4 due to their complexity and voluminous nature. The Debtors have reported net monthly intercompany positions for a twelve month period ending with December 31, 2024 in Statement 4. In addition, intercompany payables and receivables as of the December 31, 2024 can be found on Schedule E/F and Schedule AB.

(c) **Statements, Part 3, Question 7 – Legal Actions or Assignments.** The Debtors have made reasonable best efforts to identify all current pending litigation and legal proceedings involving the Debtors. The Debtors reserve all of their rights and defenses with respect to any and all listed lawsuits and legal proceedings. The listing of such suits and proceedings shall not constitute an admission by the Debtors of any liabilities or that the actions or proceedings were correctly filed against the Debtors.

(d) **Statements, Part 4, Question 9 – Gifts or Charitable Contributions within 2 years before the filing.** The donations and/or charitable contributions listed in response to Statement 9 represent payments made to third parties during the applicable timeframe that were recorded as such within the Debtors books and records.

(e) **Statements, Part 6, Question 11– Payments Related to Bankruptcy.** All payments for services of any entities that provided consultation concerning debt

14

counseling or restructuring services, relief under the Bankruptcy Code, or preparation of a petition in bankruptcy within one year immediately preceding the Petition Date are listed on that Debtor's response to this Statement. Additional information regarding the Debtors' retention of professional service firms is more fully described in individual retention applications and related orders. The Debtor is a healthcare provider that maintains paper and/or electronic medical records on its patients for treatment, payment, and healthcare operations in their facilities. Patient records are maintained consistent with federal, state, and other related requirements to ensure confidentiality, integrity, and availability of the information.

(f)     **Statement, Part 13, Question 25 –** Information listed in Question 25 is based on best historical corporate structure information available. Certain dates of ownership may be approximate and certain historical address information may be unavailable for entities that no longer exist.

(g)     **Statements, Part 13, Question 26 – Books, records, and financial statements.** The Debtors have historically provided financial statements to various interested parties over the past two years, including, but not limited to, insurance carriers, lenders and financial institutions, landlords, material vendors, advisors, regulatory and state agencies and others. The Debtors do not maintain records of the parties who have requested or obtained copies.

(h)     **Statements, Part 13, Question 27 – Inventories – Supervisor and Dates of Inventories Taken Within 2 years.** The Debtors perform inventory counts of raw materials and finished goods inventories on an annual basis or as needed for operational reasons. The information included in response to Question 27 reflects the last two (2) inventory dates.

(i)     **Statements, Part 13, Question 28 and 29 – Current and Former Officer and Directors.** While the Debtors have made reasonable best efforts to list all applicable officers and directors for each Debtor in response to Statement Questions 28 and 29, some may have been omitted. Disclosures relate specifically to terminated job titles or positions and are not indicative of the individuals' current employment status with the Debtors. As to each Debtor, an individual or entity designated as an officer or director does not necessarily qualify such entity as an "insider" for purposes of the Schedules and Statements if such individual or entity, based on the totality of the circumstances, does not have a controlling interest in, or exercise sufficient authority over, the Debtor so as to direct corporate policy and the disposition of corporate assets.

(j)     **Statements, Part 13, Question 30 – Payments, Distributions, or Withdrawals to Insiders.** Refer to Statement Question 4 for this item.

*     *     *     *     *

15

**Fill in this information to identify the case:**

Debtor name   Nix Hospitals System, LLC

United States Bankruptcy Court for the:   Northern District of Texas, Dallas Division

Case number (If known)   25-80018 (SGJ)

☐ Check if this is an amended filing

## Official Form 207

## Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy    04/22

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

| Part 1: | Income |
|---|---|

**1. Gross revenue from business**

☐ None

| Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | | | Sources of revenue Check all that apply | Gross revenue (before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From 10/1/2024 MM/DD/YYYY | to 12/31/2024 | ☑ Operating a business ☐ Other _____ | $ 0.00 |
| **For prior year:** | From 10/1/2023 MM/DD/YYYY | to 9/30/2024 MM/DD/YYYY | ☑ Operating a business ☐ Other _____ | $ 40.97 |
| **For the year before that:** | From 10/1/2022 MM/DD/YYYY | to 9/30/2023 MM/DD/YYYY | ☑ Operating a business ☐ Other _____ | $ 13,381.88 |

**2. Non-business revenue**

Include revenue regardless of whether that revenue is taxable. Non-business income may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

☑ None

| | | | Description of sources of revenue | Gross revenue from each source (before deductions and exclusions) |
|---|---|---|---|---|
| **From the beginning of the fiscal year to filing date:** | From _____ MM/DD/YYYY | to _____ | _____ | $ _____ |
| **For prior year:** | From _____ MM/DD/YYYY | to _____ MM/DD/YYYY | _____ | $ _____ |
| **For the year before that:** | From _____ MM/DD/YYYY | to _____ MM/DD/YYYY | _____ | $ _____ |

Debtor   Nix Hospitals System, LLC
         Name                                                    Case number (If known)   25-80018 (SGJ)

---

**Part 2:** **List Certain Transfers Made Before Filing for Bankruptcy**

3. **Certain payments or transfers to creditors within 90 days before filing this case**

   List payments or transfers including expense reimbursements to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $7, 575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

   ☑ None

| | Creditor's name and address | Dates | Total amount or value | Reasons for payment or transfer Check all that apply |
|---|---|---|---|---|
| 3.1 | | | $ | ☐ Secured debt ☐ Unsecured loan repayments ☐ Suppliers or vendors ☐ Services ☐ Other _____ |
| | Street | | | |
| | City   State   Zip Code | | | |
| 3.2 | | | $ | ☐ Secured debt ☐ Unsecured loan repayments ☐ Suppliers or vendors ☐ Services ☐ Other _____ |
| | Street | | | |
| | City   State   Zip Code | | | |

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**

   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $7, 575. (This amount may be adjusted on 4/01/2025 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. Insiders include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

   ☐ None   **See Attached Rider**

| | Insider's name and address | Dates | Total amount or value | Reasons for payment or transfer |
|---|---|---|---|---|
| 4.1 | | | $ | |
| | Street | | | |
| | City   State   Zip Code | | | |

   **Relationship to debtor**

   _____

| 4.2 | | | $ | |
|---|---|---|---|---|
| | Street | | | |
| | City   State   Zip Code | | | |

   **Relationship to debtor**

   _____

---

Official Form 207                **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**                Page **2**

| Debtor | Nix Hospitals System, LLC | Case number (If known) | 25-80018 (SGJ) |
|---|---|---|---|
| | Name | | |

## 5. Repossessions, foreclosures, and returns

List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

☑ None

| | Creditor's name and address | Description of the property | Date | Value of property |
|---|---|---|---|---|
| 5.1 | _____ | _____ | _____ | $ _____ |
| | Street | | | |
| | City      State      Zip Code | | | |
| 5.2 | _____ | _____ | _____ | $ _____ |
| | Street | | | |
| | City      State      Zip Code | | | |

## 6. Setoffs

List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

☑ None

| | Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|---|
| | _____ | _____ | _____ | $ _____ |
| | Street | | | |
| | City      State      Zip Code | | | |

Last 4 digits of account number: XXXX - _____

## Part 3:   Legal Actions or Assignments

## 7. Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity-within 1 year before filing this case.

☐ None   **See Attached Rider**

| | Case title | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|---|
| 7.1 | _____ | _____ | _____ | ☐ Pending |
| | | | Street | ☐ On appeal |
| | Case number | | City      State      Zip Code | ☐ Concluded |
| 7.2 | _____ | _____ | _____ | ☐ Pending |
| | | | Street | ☐ On appeal |
| | Case number | | City      State      Zip Code | ☐ Concluded |

Debtor   Nix Hospitals System, LLC                                              Case number (If known)   25-80018 (SGJ)
         Name

8. **Assignments and receivership**

List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

☑ None

| Custodian's name and address | Description of the property | Value |
|---|---|---|
| _____ | _____ | $ _____ |
| Street _____ | **Case title** | **Court name and address** |
| _____ | _____ | _____ |
| City    State    Zip Code | **Case number** | _____ |
| | _____ | |
| | **Date of order or assignment** | |
| | _____ | |

## Part 4:   Certain Gifts and Charitable Contributions

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

☑ None

| | Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|---|
| 9.1 | _____ | _____ | _____ | $ _____ |
| | Street _____ | _____ | | |
| | City    State    Zip Code | | | |
| | **Recipient's relationship to debtor** | | | |
| | _____ | | | |
| 9.2 | _____ | _____ | _____ | $ _____ |
| | Street _____ | _____ | | |
| | City    State    Zip Code | | | |
| | **Recipient's relationship to debtor** | | | |
| | _____ | | | |

## Part 5:   Certain Losses

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

☑ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss<br>If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received.<br>List unpaid claims on Official Form 106A/B (Schedule A/B: Assets - Real and Personal Property). | Date of loss | Value of property lost |
|---|---|---|---|
| _____<br>_____ | _____ | _____ | $_____ |

Official Form 207          **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**          Page **4**

Debtor Nix Hospitals System, LLC                                   Case number (If known) 25-80018 (SGJ)
         Name

---

## Part 6:      Certain Payments or Transfers

11. **Payments related to bankruptcy**

   List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before
   the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring,
   seeking bankruptcy relief, or filing a bankruptcy case.

   ☑ None

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.1 _____ | _____ | _____ | $ _____ |

   **Address**

   _____
   _____
   Street

   _____
   City          State          Zip Code

   **Email or website address**

   _____

   **Who made the payment, if not debtor?**

   _____

| Who was paid or who received the transfer? | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|
| 11.2 _____ | _____ | _____ | $ _____ |

   **Address**

   _____
   _____
   Street

   _____
   City          State          Zip Code

   **Email or website address**

   _____

   **Who made the payment, if not debtor?**

   _____

12. **Self-settled trusts of which the debtor is a beneficiary**

   List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of
   this case to a self-settled trust or similar device.

   Do not include transfers already listed on this statement.

   ☑ None

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|
| | | | $ _____ |

   **Trustee**

---

Debtor   Nix Hospitals System, LLC
Name                                                                                    Case number (If known)   25-80018 (SGJ)

---

13. **Transfers not already listed on this statement**

List any transfers of money or other property-by sale, trade, or any other means-made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs.  Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

☐ None   **See Attached Rider**

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.1 _____ | _____ | _____ | $ _____ |

**Address**

_____
Street

_____
City          State          Zip Code

**Relationship to debtor**

_____

| Who received transfer? | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|
| 13.2 _____ | _____ | _____ | $ _____ |

**Address**

_____
Street

_____
City          State          Zip Code

**Relationship to debtor**

_____

| Part 7: | Previous Locations |
|---|---|

14. **Previous addresses**

List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

☑ Does not apply

| Address | Dates of Occupancy |
|---|---|
| 14.1 _____ Street | From _____   To _____ |
| _____ City          State          Zip Code | |
| 14.2 _____ Street | From _____   To _____ |
| _____ City          State          Zip Code | |

---

Debtor   Nix Hospitals System, LLC                                                                    Case number (If known)   25-80018 (SGJ)
         Name

---

## Part 8:   Health Care Bankruptcies

15. **Health Care bankruptcies**

Is the debtor primarily engaged in offering services and facilities for:
- diagnosing or treating injury, deformity, or disease, or
- providing any surgical, psychiatric, drug treatment, or obstetric care?

☐ No. Go to Part 9.

☑ Yes. Fill in the information below.        **See Attached Rider**

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.1 _____ <br> Street _____ <br> City     State     Zip Code | _____ <br> _____ | _____ |
|  | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. <br> _____ <br> _____ | **How are records kept?** <br><br> *Check all that apply:* <br> ☐ Electronically <br> ☐ Paper |

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|
| 15.2 _____ <br> Street _____ <br> City     State     Zip Code | _____ <br> _____ | _____ |
|  | **Location where patient records are maintained** (if different from facility address). If electronic, identify any service provider. <br> _____ <br> _____ | **How are records kept?** <br><br> *Check all that apply:* <br> ☐ Electronically <br> ☐ Paper |

---

## Part 9:   Personally Identifiable Information

16. **Does the debtor collect and retain personally identifiable information of customers?**

☐ No.

☑ Yes. State the nature of the information collected and retained.

    See Debtor's website for a full list of information collected:
    https://www.prospectmedical.com/privacy-policy

    Does the debtor have a privacy policy about that information?

    ☐ No

    ☑ Yes

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

☐ No. Go to Part 10.

Yes. Does the debtor serve as plan administrator?

    ☐ No. Go to Part 10.

    ☑ Yes. Fill in below

| Name of plan | Employer identification number of the plan |
|---|---|
| **See Attached Rider** | EIN: _____ |

    Has the plan been terminated?

    ☐ No

    ☐ Yes

---

Debtor   Nix Hospitals System, LLC _____   Case number (If known)   25-80018 (SGJ)
         Name

---

## Part 10:   Certain Financial Accounts, Safe Deposit Boxes, and Storage Units

18. **Closed financial accounts**

Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, old, moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

☐ None   **See Attached Rider**

| Financial institution name and address | Last 4 digits of account number | Type of account | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|
| 18.1 _____<br>_____<br>Street<br>_____<br>City   State   Zip Code | XXXX-_____ | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other _____ | _____ | $ _____ |
| 18.2 _____<br>_____<br>Street<br>_____<br>City   State   Zip Code | XXXX-_____ | ☐ Checking<br>☐ Savings<br>☐ Money Market<br>☐ Brokerage<br>☐ Other _____ | _____ | $ _____ |

19. **Safe deposit boxes**

List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

☑ None

| Depository institution name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>_____<br>Street<br>_____<br>City   State   Zip Code | _____<br>_____<br><br>**Address**<br>_____<br>_____ | _____<br>_____ | ☐ No<br>☐ Yes |

20. **Off-premises storage**

List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

☑ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Does debtor still have it? |
|---|---|---|---|
| _____<br>_____<br>Street<br>_____<br>City   State   Zip Code | _____<br>_____<br><br>**Address**<br>_____<br>_____ | _____<br>_____ | ☐ No<br>☐ Yes |

| Debtor | Nix Hospitals System, LLC | Case number (If known) | 25-80018 (SGJ) |
|---|---|---|---|
| | Name | | |

---

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

**21.  Property held for another**

List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

☑ None

| Owner's name and address | Location of the property | Description of the property | Value |
|---|---|---|---|
| _____ | _____ | _____ | $ _____ |
| _____ | _____ | _____ | |
| Street | | | |
| _____ | | | |
| City          State          Zip Code | | | |

---

## Part 12: Details About Environmental Information

For the purpose of Part 12, the following definitions apply:

- *Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

- *Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

- *Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

**22.  Has the debtor been a party in any judicial or administrative proceeding under any environmental law?** Include settlements and orders.

☑ No
☐ Yes. Provide details below.

| Case title | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|
| _____ | _____ | _____ | ☐ Pending |
| **Case Number** | Street _____ | _____ | ☐ On appeal |
| _____ | City      State      Zip Code | | ☐ Concluded |

**23.  Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

☑ No
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Street | Street | _____ | |
| _____ | _____ | | |
| City      State      Zip Code | City      State      Zip Code | | |

---

Debtor    Nix Hospitals System, LLC                                                    Case number (If known)    25-80018 (SGJ)
          Name

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

☑ No

☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|
| _____ | _____ | _____ | _____ |
| Street | Street | | |
| _____ | _____ | | |
| City        State      Zip Code | City        State      Zip Code | | |

---

**Part 13:    Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**

List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☑ None

| Business name and address | Describe the nature of the business | Employer Identification number
Do not include Social Security number or ITIN. |
|---|---|---|
| 25.1 _____ | _____ | EIN: _____ |
| Street _____ | _____ | **Dates business existed** |
| City      State      Zip Code | | From _____   To _____ |

| Business name and address | Describe the nature of the business | Employer Identification number
Do not include Social Security number or ITIN. |
|---|---|---|
| 25.2 _____ | _____ | EIN: _____ |
| Street _____ | _____ | **Dates business existed** |
| City      State      Zip Code | | From _____   To _____ |

| Business name and address | Describe the nature of the business | Employer Identification number
Do not include Social Security number or ITIN. |
|---|---|---|
| 25.3 _____ | _____ | EIN: _____ |
| Street _____ | _____ | **Dates business existed** |
| City      State      Zip Code | | From _____   To _____ |

Debtor   Nix Hospitals System, LLC
Name

Case number (If known)   25-80018 (SGJ)

## 26. Books, records, and financial statements

26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26a.1 SABILLO, ALFREDO<br>3824 HUGHES AVE.<br>CULVER CITY, CA 90232 | From 8/15/2016   To Present |

| Name and address | Dates of service |
|---|---|
| 26a.2 SAMUELS, ERIC<br>3824 HUGHES AVE.<br>CULVER CITY, CA 90232 | From 11/2/2015   To Present |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Dates of service |
|---|---|
| 26b.1 BDO USA LLP<br>600 ANTON BOULEVARD<br>SUITE 500<br>COSTA MESA, CA 92626 | From Fiscal Year 2023   To Present |

| Name and address | Dates of service |
|---|---|
| 26b.2 | From   To |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|
| 26c.1 SABILLO, ALFREDO<br>3824 HUGHES AVE.<br>CULVER CITY, CA 90232 | |

Debtor   Nix Hospitals System, LLC                                                                    Case number (If known)   25-80018 (SGJ)
         Name

| Name and address | if any books of account and records are unavailable, explain why |
|---|---|
| 26c.2  SAMUELS, ERIC<br>3824 HUGHES AVE.<br>CULVER CITY, CA 90232 | _____<br>_____ |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

☐ None    **See Attached Rider**

| Name and address |
|---|
| 26d.1  _____<br>_____<br>Street<br>_____<br>City            State            Zip Code |

| Name and address |
|---|
| 26d.2  _____<br>Street<br>_____<br>City            State            Zip Code |

27. **Inventories**

Have any inventories of the debtor's property been taken within 2 years before filing this case?

☑ No

☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| _____ | _____ | $ _____ |

| Name and address of the person who has possession of inventory records |
|---|
| 27.1  _____<br>Street<br>_____<br>City            State            Zip Code |

Debtor   Nix Hospitals System, LLC                                           Case number (If known)   25-80018 (SGJ)
         Name

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|
| | | $ |

**Name and address of the person who has possession of inventory records**

27.2

_____
Street
_____
City                    State                    Zip Code

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **See Attached Rider** | | | |
| | | | |
| | | | |
| | | | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

☐ No

☑ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| **See Attached Rider** | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |
| | | | From _____ To _____ |

30. **Payments, distributions, or withdrawals credited or given to insiders**

Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

☐ No

☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|
| 30.1 **Refer to SOFA Question 4** | | | |
| Street | | | |
| City          State          Zip Code | | | |

| Relationship to debtor |
|---|
| |

Debtor    Nix Hospitals System, LLC                                              Case number (If known)    25-80018 (SGJ)
          Name

| Name and address of recipient | | | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|---|---|
| 30.2 | | | _____ | _____ | _____ |
| | | | | | _____ |
| Street | | | | | |
| City | State | Zip Code | | | |
| | | | | | |
| **Relationship to debtor** | | | | | |

**31.** **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

☐ No

☑ Yes. Identify below.    **See Attached Rider**

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| | EIN: |

**32.** **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

☑ No

☐ Yes. Identify below.

| Name of the pension fund | Employer Identification number of the pension fund |
|---|---|
| | EIN: |

---

**Part 14:**  **Signature and Declaration**

WARNING -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both.
18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on    3/13/2025
              MM / DD / YYYY

**X**  /s/ Paul Rundell                                Printed name    Paul Rundell
Signature of individual signing on behalf of the debtor

Position or relationship to debtor    Chief Restructuring Officer

**Are additional pages to *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* (Official Form 207) attached?**

☐ No

☑ Yes

Debtor Name:
Nix Hospitals System, LLC

Case Number: 25-80018 (SGJ)

SOFA Question 4: Payments or other transfers of property made within 1 year before filing
Month over Month Intercompany Balances

| Entity Name | Description of Account | Intercompany Affiliate | Date Range | Starting Balance Receivable (Payable) | Ending Balance Receivable (Payable) | Net Monthly Activity Receivable / (Payable) |
|---|---|---|---|---|---|---|
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Alta Hospitals System, LLC | 01/01/2024 - 01/31/2024 | (7,305) | (7,305) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Alta Hospitals System, LLC | 02/01/2024 - 02/29/2024 | (7,305) | (7,305) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Alta Hospitals System, LLC | 03/01/2024 - 03/31/2024 | (7,305) | (7,305) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Alta Hospitals System, LLC | 04/01/2024 - 04/30/2024 | (7,305) | (25,305) | (18,000) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Alta Hospitals System, LLC | 05/01/2024 - 05/31/2024 | (25,305) | (25,305) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Alta Hospitals System, LLC | 06/01/2024 - 06/30/2024 | (25,305) | (25,305) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Alta Hospitals System, LLC | 07/01/2024 - 07/31/2024 | (25,305) | (28,305) | (3,000) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Alta Hospitals System, LLC | 08/01/2024 - 08/31/2024 | (28,305) | (28,305) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Alta Hospitals System, LLC | 09/01/2024 - 09/30/2024 | (28,305) | (29,805) | (1,500) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Alta Hospitals System, LLC | 10/01/2024 - 10/31/2024 | (29,805) | (29,805) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Alta Hospitals System, LLC | 11/01/2024 - 11/30/2024 | (29,805) | (32,805) | (3,000) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Alta Hospitals System, LLC | 12/01/2024 - 12/31/2024 | (32,805) | (32,805) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Nix Physicians, Inc. | 01/01/2024 - 01/31/2024 | (608) | (608) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Nix Physicians, Inc. | 02/01/2024 - 02/29/2024 | (608) | (608) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Nix Physicians, Inc. | 03/01/2024 - 03/31/2024 | (608) | (698) | (90) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Nix Physicians, Inc. | 04/01/2024 - 04/30/2024 | (698) | (698) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Nix Physicians, Inc. | 05/01/2024 - 05/31/2024 | (698) | (698) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Nix Physicians, Inc. | 06/01/2024 - 06/30/2024 | (698) | (698) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Nix Physicians, Inc. | 07/01/2024 - 07/31/2024 | (698) | (698) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Nix Physicians, Inc. | 08/01/2024 - 08/31/2024 | (698) | (690) | 8 |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Nix Physicians, Inc. | 09/01/2024 - 09/30/2024 | (690) | 21,748 | 22,438 |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Nix Physicians, Inc. | 10/01/2024 - 10/31/2024 | 21,748 | 21,748 | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Nix Physicians, Inc. | 11/01/2024 - 11/30/2024 | 21,748 | 21,748 | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Nix Physicians, Inc. | 12/01/2024 - 12/31/2024 | 21,748 | 21,748 | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Nix SPE, LLC | 01/01/2024 - 01/31/2024 | (23,203) | (23,203) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Nix SPE, LLC | 02/01/2024 - 02/29/2024 | (23,203) | (23,203) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Nix SPE, LLC | 03/01/2024 - 03/31/2024 | (23,203) | (23,203) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Nix SPE, LLC | 04/01/2024 - 04/30/2024 | (23,203) | (23,203) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Nix SPE, LLC | 05/01/2024 - 05/31/2024 | (23,203) | (23,203) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Nix SPE, LLC | 06/01/2024 - 06/30/2024 | (23,203) | (23,203) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Nix SPE, LLC | 07/01/2024 - 07/31/2024 | (23,203) | (23,203) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Nix SPE, LLC | 08/01/2024 - 08/31/2024 | (23,203) | (23,201) | 2 |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Nix SPE, LLC | 09/01/2024 - 09/30/2024 | (23,201) | 155,395 | 178,596 |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Nix SPE, LLC | 10/01/2024 - 10/31/2024 | 155,395 | 155,395 | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Nix SPE, LLC | 11/01/2024 - 11/30/2024 | 155,395 | 155,395 | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Nix SPE, LLC | 12/01/2024 - 12/31/2024 | 155,395 | 155,395 | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Group, Inc. | 01/01/2024 - 01/31/2024 | - | - | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Group, Inc. | 02/01/2024 - 02/29/2024 | - | - | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Group, Inc. | 03/01/2024 - 03/31/2024 | - | - | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Group, Inc. | 04/01/2024 - 04/30/2024 | - | - | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Group, Inc. | 05/01/2024 - 05/31/2024 | - | - | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Group, Inc. | 06/01/2024 - 06/30/2024 | - | - | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Group, Inc. | 07/01/2024 - 07/31/2024 | - | - | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Group, Inc. | 08/01/2024 - 08/31/2024 | - | (24,549) | (24,549) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Group, Inc. | 09/01/2024 - 09/30/2024 | (24,549) | (0) | 24,549 |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Group, Inc. | 10/01/2024 - 10/31/2024 | (0) | - | 0 |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Group, Inc. | 11/01/2024 - 11/30/2024 | - | - | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Group, Inc. | 12/01/2024 - 12/31/2024 | - | - | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Holdings, Inc. | 01/01/2024 - 01/31/2024 | (86,902,721) | (86,905,112) | (2,390) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Holdings, Inc. | 02/01/2024 - 02/29/2024 | (86,905,112) | (86,907,294) | (2,182) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Holdings, Inc. | 03/01/2024 - 03/31/2024 | (86,907,294) | (86,908,898) | (1,604) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Holdings, Inc. | 04/01/2024 - 04/30/2024 | (86,908,898) | (86,911,079) | (2,182) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Holdings, Inc. | 05/01/2024 - 05/31/2024 | (86,911,079) | (86,912,795) | (1,716) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Holdings, Inc. | 06/01/2024 - 06/30/2024 | (86,912,795) | (86,927,128) | (14,333) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Holdings, Inc. | 07/01/2024 - 07/31/2024 | (86,927,128) | (86,928,844) | (1,716) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Holdings, Inc. | 08/01/2024 - 08/31/2024 | (86,928,844) | (86,929,993) | (1,150) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Holdings, Inc. | 09/01/2024 - 09/30/2024 | (86,929,993) | (86,929,993) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Holdings, Inc. | 10/01/2024 - 10/31/2024 | (86,929,993) | (86,933,425) | (3,432) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Holdings, Inc. | 11/01/2024 - 11/30/2024 | (86,933,425) | (86,934,721) | (1,296) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Holdings, Inc. | 12/01/2024 - 12/31/2024 | (86,934,721) | (86,936,467) | (1,747) |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Systems, LLC | 01/01/2024 - 01/31/2024 | - | - | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Systems, LLC | 02/01/2024 - 02/29/2024 | - | - | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Systems, LLC | 03/01/2024 - 03/31/2024 | - | - | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Systems, LLC | 04/01/2024 - 04/30/2024 | - | - | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Systems, LLC | 05/01/2024 - 05/31/2024 | - | - | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Systems, LLC | 06/01/2024 - 06/30/2024 | - | - | - |
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Systems, LLC | 07/01/2024 - 07/31/2024 | - | - | - |

Debtor Name:
Nix Hospitals System, LLC

SOFA Question 4: Payments or other transfers of property made within 1 year before filing
Month over Month Intercompany Balances

Case Number: 25-80018 (SGJ)

| Entity Name | Description of Account | Intercompany Affiliate | Date Range | Starting Balance Receivable (Payable) | Ending Balance Receivable (Payable) | Net Monthly Activity Receivable / (Payable) |
|---|---|---|---|---|---|---|
| Nix Hospitals System, LLC | Intercompany Trade Receivable From | Prospect Medical Systems, LLC | 08/01/2024 - 08/31/2024 | - | - | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Systems, LLC | 09/01/2024 - 09/30/2024 | - | (24,549) | (24,549) |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Systems, LLC | 10/01/2024 - 10/31/2024 | (24,549) | (24,549) | 0 |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Systems, LLC | 11/01/2024 - 11/30/2024 | (24,549) | (24,549) | - |
| Nix Hospitals System, LLC | Intercompany Trade Payable To | Prospect Medical Systems, LLC | 12/01/2024 - 12/31/2024 | (24,549) | (24,549) | - |

Debtor Name:  Nix Hospitals System, LLC                                                                                      Case Number:  25-80018 (SGJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 7:** Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits

| Case Title | Case Number | Nature of Case | Court Name and Address | Status |
|---|---|---|---|---|
| [NAME ON FILE] v. Nix Hospitals System, LLC | EEOC-451-2019-01763 | Employment Litigation | U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION 131 M STREET, NE WASHINGTON, DC 20507 | Pending |

Debtor Name:  Nix Hospitals System, LLC                                                Case Number:  25-80018 (SGJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 13:** Transfers not already listed on this statement

| Creditor Name and Address | Description of Property | Relationship to Debtor | Date | Amount |
|---|---|---|---|---|
| MPT TRS LENDER PMH, LLC, AS COLLATERAL AGENT<br>1000 URBAN CENTER DRIVE, SUITE 501<br>BIRMINGHAM, AL 35242 | Substantially All Assets | Lender | May 2023 | Undetermined |

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 15:** Health Care bankruptcies

| Facility Name and Address | Nature of Business Operation | Location of Records | Number of Patients | Electronic Records | Paper Records |
|---|---|---|---|---|---|
| CLINICAL PATIENT CARE FACILITIES 3824 HUGHES AVE. CULVER CITY, CA 90232 | Clinical Patient Care | See Note | | True | True |

The Debtor is a healthcare provider that maintains paper and/or electronic medical records on its patients for treatment, payment, and healthcare operations in their facilities.  Patient records are maintained consistent with federal, state, and other related requirements to ensure confidentiality, integrity, and availability of the information.

Debtor Name:  Nix Hospitals System, LLC                                                          Case Number:  25-80018 (SGJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 17:** Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?

| Name of Plan | EIN | Terminated? |
|---|---|---|
| Prospect Medical Retirement Savings Plan A | 33-0564370 | No |
| Prospect Medical Retirement Savings Plan B | 37-1747940 | No |

Debtor Name:  Nix Hospitals System, LLC                                                                Case Number:  25-80018 (SGJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 18:** Closed financial accounts

| Creditor's Name and Address | Creditor's Last 4 digits of account number | Type of account | Date account was closed sold moved or transferred | Last Balance before closing or transfer | Other type of account description |
|---|---|---|---|---|---|
| City National Bank 525 S Flower Street Los Angeles, CA 90071, United States | 8497 | Other | 7/18/24 | 0 | Operating |
| City National Bank 525 S Flower Street Los Angeles, CA 90071, United States | 8535 | Other | 7/18/24 | 0 | A/P |
| City National Bank 525 S Flower Street Los Angeles, CA 90071, United States | 8519 | Other | 7/18/24 | 0 | Depository |

Debtor Name:  Nix Hospitals System, LLC                                                    Case Number:  25-80018 (SGJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 26d:** List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issues a financial statement within 2 years before filing this case.

| Name and Address |
| --- |

The Debtors have historically provided financial statements to various interested parties over the past two years, including, but not limited to, insurance carriers, lenders and financial institutions, various transaction parties, health plans, landlords, material vendors, advisors, regulatory and state agencies and others. The Debtors do not maintain records of the parties who have requested or obtained copies.

Debtor Name:  Nix Hospitals System, LLC

Case Number:  25-80018 (SGJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 28:** List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.

| Name | Address | Position | % Interest |
|---|---|---|---|
| GRIMSHAW, BRUCE | 3824 HUGHES AVE. CULVER CITY, 90232 | Interim Chief Executive Officer | N/A |
| SAMUELS, ERIC | 3824 HUGHES AVE. CULVER CITY, 90232 | Treasurer | N/A |
| SAIDARA, FRANK | 3824 HUGHES AVE. CULVER CITY, 90232 | Secretary | N/A |
| CROCKETT, VON | 3824 HUGHES AVE. CULVER CITY, 90232 | Senior Vice President and Manager | N/A |
| PROSPECT HOSPITAL HOLDINGS, LLC | 3824 HUGHES AVE. CULVER CITY, 90232 | Sole Member | 100% |

Debtor Name:  Nix Hospitals System, LLC                                                                            Case Number:  25-80018 (SGJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 29:** Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?

| Name | Address | Position | Start | End |
|------|---------|----------|-------|-----|
| TOPPER, DAVID | 3824 HUGHES AVE. CULVER CITY, 90232 | Former Senior Vice President | 9/2/1998 | 7/18/2024 |

Debtor Name:  Nix Hospitals System, LLC                                            Case Number:  25-80018 (SGJ)

**Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**

**SOFA Question 31:** Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?

| Name of parent corporation | EIN |
| --- | --- |
| Chamber Inc. | 84-4011925 |
| Ivy Holdings Inc. | 90-0602574 |